**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RAJ K. PATEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-00410 (UNA) |
| | ) | |
| KASH P. PATEL, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on its initial review of Plaintiff's *pro se* Petition for Writ of Mandamus, ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2.   At the outset, the Court denies Plaintiff's IFP Application.  The Application is unsigned in contravention of Federal Rule 11(a) and 28 U.S.C. § 1915(a)(1).  Moreover, for the reasons discussed below, the Court dismisses this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the Court is required to dismiss a case "at any time" it determines that the action is frivolous.

As a rule, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To the contrary, a pleading that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a pleading "plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, Plaintiff, who has, admittedly, "since 2018, . . . filed over 150-200 cases in state and federal court," sues the current Director of the Federal Bureau of Investigation.  The allegations in the Petition are rambling and largely incomprehensible.  The Petition contains bare recitations and

esoteric discussions of domestic and international laws, politics, philosophy, and history, and also includes Plaintiff's biography and anecdotes from his life spanning decades.  He broaches a variety of random topics, including, but not limited to, Queen Elizabeth and "her loyalist descendants," "social control," "corporal punishment," "the American Bar Association," "intellectual property," inquiries into Plaintiff's mental health conducted by "every President since George Bush, [and] college and universities," "religious and cultural procreation matters," "counter-governments and militaries across the world," "public decency and morality," censorship by "censors [that] have gone rogue and are engaged in a game of thrones," "original sin," and "handouts by government employees."  He alleges that Defendant and others have constructively "jailed" him, affecting his rights to life, liberty, and property, and asks this Court to grant him equitable relief, including a writ of mandamus "to remedy trespass by Director Patel because Petitioner clearly needs law enforcement from a political appointee and governmental executives."

The Court cannot exercise subject matter jurisdiction over Plaintiff's Petition because it is patently frivolous.  *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  As here, a court may dismiss a petition as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08.

Accordingly, this case is dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.


DATE: May 26, 2026                              /s/ CHRISTOPHER R. COOPER
                                                United States District Judge